DELLA AUSTIN v. STATE.

[56 South. 345.]

CRIMINAL LAW. *Contagious disease. Importation and inoculation. Code 1906, section 1085.*

Under Code of 1906, section 1085, which makes it a criminal offense to willfully and knowingly import into the state or into any county thereof any contagious or infectious disease or to inoculate for infectious diseases after they have been introduced, except as provided by law, an indictment charging that defendant, having an infectious disease known as gonorrhea, did willfully, knowingly and unlawfully inoculate a certain person, by then and there having sexual intercourse with him, charges no offense.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Della Austin was convicted of spreading a contagious disease and appeals.

The facts are sufficiently stated in the opinion of the court.

*Currie & Smith,* for appellant.

This cause should be reversed and the defendant discharged because the peremptory instruction asked by

the defendant and refused by the court, should have been given, and because the indictment charges no crime. The indictment alleges that "Della Austin, on the 24th day of April, 1911, in Forrest county aforesaid, then and there being a contagious and infectious disease, known as gonorrhea," etc. This allegation of the indictment charges the defendant with then and there being a contagious and infectious disease. This condition, while unfortunate, is no crime. The indictment shows that no inoculation occurred. It charges that the defendant did "inoculate one Ray Griffin, a minor, by then and there having and causing sexual intercourse with him." We submit that the recitation of these facts demonstrates that no inoculation took place. This record does not disclose any injection of the virus or poison of disease into the flesh or blood of the victim. At most, it was a mere infection. We submit that "inoculation" is an active procedure. The person who inoculates alone makes the injection and inserts the virus. The charges of the indictment negative such an idea in this case. It demonstrates conclusively that each party was an actor and that no inoculation occurred. It merely shows that the victim who is alleged to have contracted this disease, did so himself, and that it was not by inoculation." For these errors, we submit that the case ought to be reversed and the defendant discharged.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

This defendant was indicted under section 1085, of the Code of 1906, imposing a penalty upon one spreading a contagious disease. The indictment, which will be found on page one, of the record, charges that the defendant had a disease known as gonorrhea, and having sexual intercourse with one Ray Griffin, inoculated him with said disease. On the trial, the court gave an instruction which is set out on page two, of the record,

and which follows the statute. The whole case seems to rest upon the construction of the word "inoculate."

I presume that it is admitted that gonorrhea is a contagious and infectious disease. If not, the court will take judicial knowledge of the fact, or can readily ascertain the truth by reference to a dictionary or to a medical text-book.

The word "inoculate," as used in section 1085, in reference to small-pox, leaves the impression upon the reader that the legislature had in mind the imposition of a penalty upon one who conveyed small-pox or other contagious diseases to another. I do not think it was intended to restrict the word "inoculate" to the ordinary dictionary definition of the term, or to hold that in order for one to inoculate another with that disease, he must use a hypodermic and inject the serum or poisonous virus, but that any method by which such disease is conveyed to another by contact, would certainly bring the defendant within the meaning of the statute. To hold that one could not be convicted of inoculating another with small-pox unless he took some of the virus and squirted it through hypodermic injectors, would be at war with common sense, because it is not the way small-pox, which is the only enumerated disease, is spread from one to another. There is no evil to correct by the enactment of such a statute, for it is a matter of common sense that small-pox is not spread that way, but it is spread by recklessness or carelessness of the party infected with the disease in exposing himself, or herself, or coming in contact with others.

If this line of reasoning is good for small-pox, it ought to be good for any other disease. If there is necessity to prevent the spread of small-pox, there is equal necessity to prevent the spread of gonorrhea, and other venereal diseases.

I fail to find any authorities to cite the court. This seems to be an effort for the first time to make a whole-

some example of a class of people who are spreading loathsome diseases, and to bring the offense within section 1085, of the Code, which is the only section of the criminal chapter pertaining to the spread of contagious diseases.

McLAIN, C.

The appellant was indicted, tried, and convicted in the circuit court of Forrest county, Mississippi, for spreading a contagious disease. The indictment was framed under section 1085, Code of 1906. The indictment charges "that Della Austin, on the 24th day of April, 1911, aforesaid, then and there being, an infectious disease, known as gonorrhea, did have and induce in said county, and did willfully, knowingly, and unlawfully inoculate one Ray Griffin, a minor, by then and there having and causing sexual intercourse with him, the said Ray Griffin, and thereby causing said Ray Griffin to contract and have said disease."

This indictment charges no offense known to the law, and the case is reversed and remanded, with instructions that the circuit court dismiss the same.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for reasons therein indicated by the commissioner, judgment is reversed, and the cause remanded with instructions to the circuit court that the case be dismissed.

*Reversed and remanded.*